NORTH v. HERRICK et al.

(District Court, N. D. New York. March 11, 1913.)

EQUITY (§ 352*)—APPOINTMENT OF EXAMINERS—GROUNDS.

    That the trial of an equity case will occupy several days does not show such "good and exceptional cause for departing from the general rule," as authorizes appointment of an examiner to take evidence out of court of witnesses residing within the jurisdiction, within federal equity rules 46, 47 (198 Fed. xxxi, 115 C. C. A. xxxi), effective February 1, 1913, which require testimony to be taken orally in open court, except for good and exceptional cause, etc.

    [Ed. Note.—For other cases, see Equity, Cent. Dig. § 736; Dec. Dig. § 352.*]

In Equity. Action by Charles F. North, trustee, against George M. Herrick and others. On motion by complainant to appoint an examiner to take evidence out of court. Motion overruled.

Walter H. Wertime, of Cohoes, N. Y., for the motion.
Thos. S. Fagan, of Troy, N. Y., opposed.

RAY, District Judge. This action was commenced in August, 1912. The answer was served in September, 1912. A replication was filed and served January 24, 1913. The transactions complained of arose at

or near Cohoes, N. Y., quite near the city of Albany, where a term of this court commencing February 11, 1913, has just closed. The case was not placed on the calendar of the court. The recent new rules which went into effect February 1, 1913, are in the interest of the speedy trial of causes, and look to the production in court of the witnesses whose attendance may be procured; that is, those within the jurisdiction of the court. Cohoes is but a few miles from Albany. It is all-important that the court or jury both see and hear the witnesses who speak on disputed questions. Here we have questions of insolvency, preference, and fraud and conspiracy, all in dispute, and it is a case where court and jury should have the benefit of the presence in court of the witnesses so far as possible. The trustee has been in a position to examine the bankrupts and other parties before the referee in bankruptcy, and cannot be ignorant of the evidence he can produce or of most of the witnesses who are to speak on these subjects. It would seem not difficult to ascertain and agree upon the weight of certain cases of goods and their contents. If in serious dispute, the court should see and hear the witnesses.

The court suggested an adjournment of the Albany term in case a trial at that place is desired, but neither party seemed desirous of this. There is a term of this court at Syracuse, commencing April 1, 1913, and another in June, 1913, at Binghamton. I see no reason for departing in this case from the spirit and letter of the new equity rules promulgated by the Supreme Court, the wisdom of which cannot be seriously questioned. The judges are generally quite opposed to such departures. When witnesses are present in court, objections can be made and rulings had by the court, and much better justice administered, than when the evidence is taken out of court before an examiner, without power to rule on the questions presented.

Rule 46 (198 Fed. xxxi, 115 C. C. A. xxxi) provides:

"In all trials in equity the testimony of witnesses shall be taken orally in open court, except as otherwise provided by statute or these rules."

And rule 47 (198 Fed. xxxi, 115 C. C. A. xxxi) provides:

"The court, upon application of either party, when allowed by statute, or for good and exceptional cause for departing from the general rule, to be shown by affidavit, may permit the deposition of named witnesses, to be used before the court, or upon a reference to a master to be taken before an examiner or other named officer, upon the notice and terms specified in the order."

These rules do not interfere with taking depositions as provided by sections 863, 865, 866, and 867, Rev. St. (U. S. Comp. St. 1901, pp. 661–664). See rule 54 (198 Fed. xxxiii, 115 C. C. A. xxxiii). I cannot hold that "good and exceptional cause for departing from the general rule" has been shown. The only real reason alleged is that the trial will probably occupy several days. This is not at all unusual.

Application denied.